FILED
2021 May-24  AM 09:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court
## for the
### NORTHERN DISTRICT OF ALABAMA

Baker, Marilyn, M.

*Plaintiff,*

*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

v.

Social Security Administration
Saul, Andrew, M., Commissioner

_____

*Defendant(s),*

*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

FILED

2021 MAY 21  P 4: 40

N.D. OF ALABAMA

Case No. 2:21-CV-714-RDP

*(to be filled in by the Clerk's Office)*

JURY TRIAL ☐ Yes   ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff**

Name    Marilyn M. Baker

Street Address    201 Squire Cir

City and County    Hoover, Jefferson

State and Zip Code    Alabama 35244

Telephone Number    (334) 332-5164

E-mail Address *(if known)*    < bakermarilynm@yahoo.com>

☑    **Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

5/21/21

**Date**

**Participant Signature**

**II.     Basis for Jurisdiction**

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

Name — Social Security Administration

Job or Title *(if known)* — Andrew M. Saul -Commissioner

Street Address — 1200 Rev Abraham Woods Jr Blvd

City and County — Birmingham, Jefferson

State and Zip Code — Alabama 35285

Telephone Number

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Social Security Administration |
| Street Address | 1200 Rev Abraham Woods Jr Blvd |
| City and County | Birmingham, Jefferson |
| State and Zip Code | Alabama, 35285 |
| Telephone Number | (205) 801 -2689 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:    In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

_____

Relevant state law *(specify, if known)*:

_____

Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me

☐    Termination of my employment

☑    Failure to promote me

☐    Failure to accommodate my disability

☐    Unequal terms and conditions of my employment

☑    Retaliation

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s):

_February 14, 2018_

C.  I believe ~~that~~ defendant(s) *(check one)*:

☑ is/are still committing these acts against me

☐ is/are not still committing these acts against me

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*: ✳ Retaliation

☐ race _____

☐ color _____

☐ gender/sex _____

☐ religion _____

☐ national origin _____

☐ age *(year of birth)* _____
    *(only when asserting a claim of age discrimination)*

☐ disability or perceived disability *(specify disability)*_____

_____

E.  The facts of my case are as follows. Attach additional pages if needed. _____

On July 6, 2018, Complainant filed an
EEO Complaint alleging that the Agency
discriminated against her on the basis
of reprisal for prior EEO activity when
she was not referred for consideration
for the GS 11-12, Human Resources
Specialist (Training) position in Atlanta,
Georgia, advertised under vacancy Announcement
Number SG-10125937-18-TT.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*: _____

July 6, 2018

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter

☑   issued a Notice of Right to Sue letter, which I received on *(date)*: _____

March 18, 2021

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question:

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed

☐   less than 60 days have elapsed

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff was denied the ability to go through the discovery process before the Agency Appeal Decision. As a result, Plaintiff was unable to attain an exact number from the Agency regarding pay in determining what her damages would be. However, Plaintiff has attempted to calculate pay based on the Agency Job Announcement that is subject of this Complaint.

* See Plaintiff's
Pro se Employment (Cont'd)
Document Attached

## Pro Se Employment Discrimination Complaint - Pro Se 7

## (Cont'd)

V. Relief State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1) Plaintiffs current salary GS-9/6 Yearly Salary = $59,031.00; divided by 12mths = $4,919.25.00 divided by 160 hrs (monthly hrs) = $30.74/hr; GS-9/6 Hourly Overtime Rate = $30.74 x 1.5 = $46.11. The plaintiff applied for job with GS-11/1 Yearly Salary = $64,290.00 divided by 12mths = $5,357.50 divided by 160 hrs (monthly hours)=$33.48; GS-11/1 Hourly Overtime Rate = $33.48 x 1.5 = $50.22. Plaintiff calculated the Difference = $64,290 - $59,031.00 = $5,259.00 (GS-9/8 vs. GS 11/1); OT Difference = $50.22 - $46.11 = $4.11 x 260 hrs (10hrs times 26 pay periods) $1,068.60. Plaintiff is requesting Back Pay Difference = $8,464.80 Difference (plus) OT Difference (multiplied) by 3 years Hence: Date of Selection up to Year-to-Date

2) The wrongs are continuing at present time based on the written communications between myself, management, departmental heads of agency and counterparts and agency's ongoing failure to promote plaintiff, which is in part evidenced by plaintiff's new EEO filing.

3) Injunctive Relief – Permanent promotion to a position in the local Birmingham area that is comparable in terms of GS-11-12 to the HR Specialist (Training) Position Vacancy SG-10125937-18-TT that PLAINTIFF was not selected for, but that is not located within the Southeastern Program Service Center.

4) In the alternative, plaintiff requests to be placed in a position consistent with the plaintiff's Individual Development Plan that was approved by management on December 9, 2016 and also comparable in terms of "GS" level (i.e. GS 11/12) to the position for which plaintiff was not selected.

5) To Be Made Whole in Every Aspect of My Employment

## VI. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 5/21/21

Signature of Plaintiff: _____

Printed Name of Plaintiff: Marilyn M. Baker

### B. For Attorneys

Date of Signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Reference #: 2020001086
Marilyn Baker
201 Squire Circle
Hoover, AL 35244



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Marilyn Baker, a/k/a
Emma B.,[1]
Complainant,

v.

Andrew M. Saul,
Commissioner,
Social Security Administration,
Agency.

Appeal No. 2020001086

Hearing No. 410-2019-00263X

Agency No. ATL-18-0503-SSA

## DECISION

Complainant filed an appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's October 1, 2019, final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

At the time of events giving rise to this complaint, Complainant was employed by the Agency as a Debt Specialist in Atlanta, Georgia.

On July 6, 2018, Complainant filed an EEO complaint alleging that the Agency discriminated against her on the basis of reprisal for prior protected EEO activity when, on February 14, 2018, Complainant was not referred for consideration for the GS-11-12, Human Resources Specialist (Training) position in Atlanta, Georgia, advertised under Vacancy Announcement Number SG-10125937-18-TT.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ).

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Complainant timely requested a hearing. After reviewing the entire hearings record, as well as conducting an Initial Conference with the parties to afford them the opportunity to supplement the record, the AJ issued a decision by summary judgment in favor of the Agency.

The Agency issued its final order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision, we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, de novo. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a de novo review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

## STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

3                                              2020001086

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

4                                    2020001086

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

March 18, 2021
Date

5                                    2020001086

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was provided to the parties**. I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Marilyn Baker
201 Squire Circle
Hoover, AL 35244
Via U.S. Mail

Rachelle S. Young
1300 Pennsylvania Avenue, NW
Ste. 700
Washington, DC 20004
Via U.S. Mail

Claudia Postell, Associate Commissioner
Office of Civil Rights and Equal Opportunity
Social Security Administration
Via FedSEP

March 18, 2021
Date

Compliance and Control Division

Reference #: 0120182754
Marilyn M. Baker
201 Squire Cir.
Hoover, AL  35244



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Marilyn M. Baker, a/k/a
Huong A.,[1]
Complainant,

v.

Andrew M. Saul,
Commissioner,
Social Security Administration,
Agency.

Appeal No. 0120182754

Hearing No. 420-2018-00067X

Agency No. ATL-17-0422-SSA

## DECISION

On July 27, 2018, Complainant filed an appeal, pursuant to 29 C.F.R. § 1614.403(a), from the June 22, 2018 final agency decision (FAD) concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. The Commission's review is de novo. For the following reasons, the Commission AFFIRMS the FAD.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Debt Specialist, GS-0998-09, at the Agency's Southeastern Program Service Center in Birmingham, Alabama. Complainant applied for an Equal Employment Specialist position advertised under Vacancy Announcement No. SG-184-6690-17-MDB. The Office of Human Resources sent a three-person interview panel a ranked list of 56 applicants who were qualified for the position based on their application materials. The panel conducted interviews with the top 12 candidates asking each candidate the same questions. Complainant was found qualified and interviewed by telephone with the panel. Complainant believed that she met or exceeded all of the qualifications for the position and that she had a great interview.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Complainant claimed, however, that one of the panelists had difficulty hearing or understanding her during the interview. The panel scored the interviews and referred the top three candidates to the Selecting Official (SO) for further consideration. Complainant was not among the top three candidates referred for further consideration. Complainant received a disposition letter dated January 5, 2017 informing her that she was not selected for the position.

On June 6, 2017, Complainant filed a formal complaint alleging that the Agency discriminated against her on the bases of race (African-American) and in reprisal for prior protected EEO activity when:

1.     On January 26, 2017, Complainant was not selected for an Equal Employment Specialist position, advertised under Vacancy Announcement No. SG-184-6690-17-MDB, in the Birmingham, Alabama office.[2]

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge. Complainant timely requested a hearing but subsequently withdrew her request. Consequently, the Agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b).

In the decision, the Agency determined that Complainant had established a prima facie case of discrimination and reprisal and found that management had articulated legitimate, nondiscriminatory reasons for its actions. Specifically, the panel members stated that all applications were reviewed, and each panel member identified their top four candidates. According to the panel members, all candidates were asked the same questions and the scores of the top four candidates from each panel member were added and averaged to get the top three, which were submitted to SO. Complainant did not make the list of three that was referred to the SO. According to one panel member, the qualifications that made the Selectee stand out from Complainant was her knowledge and ability to apply EEO laws and/or employee relations policies, as well as her ability to advise and assist management, her communication skills both in writing and oral, her knowledge of disability laws, her experience conducting training, and her interpersonal skills.

Another panel member affirmed that the Selectee had excellent experience in EEO complaint processing as she was a collateral duty EEO Counselor for several years and participated in a detail assignment in the Civil Rights/Equal Opportunity Office (CREO) for 120 days in the last couple of years and performed the entire function of an EEO Specialist. The panel member added that Complainant's score was 71 out of 100, compared to the Selectee's score of 99 out of 100. SO confirmed that she selected the panel's top-ranked candidate, the Selectee.

---

[2] The Agency subsequently dismissed an additional claim regarding a non-selection for a Social Insurance Specialist position pursuant to 29 C.F.R. § 1614.107(a)(4) as Complainant had raised the matter in a negotiated grievance procedure that permitted allegations of discrimination. Complainant raised no challenges to the dismissal of this claim on appeal; therefore, the Commission will not address it herein.

SO affirmed that she was familiar with the Selectee's qualifications because the Selectee served as a collateral duty EEO Counselor and that the Selectee had the mandatory 32-hour EEO Counselor training certificate. As a result, SO selected the Selectee.

The Agency concluded that Complainant failed to demonstrate that management's reasons for not selecting her were pretextual. As a result, the Agency found that Complainant had not been subjected to discrimination or reprisal as alleged. The instant appeal followed.

## ANALYSIS AND FINDINGS

### Disparate Treatment

To prevail in a disparate treatment claim such as this, Complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Complainant must initially establish a prima facie case by demonstrating that she was subjected to an adverse employment action under circumstances that would support an inference of discrimination. Furnco Constr. Corp. v. Waters, 438 U.S. 567, 576 (1978). Proof of a prima facie case will vary depending on the facts of the particular case. McDonnell Douglas, 411 U.S. at 802 n. 13. The burden then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its actions. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). To ultimately prevail, Complainant must prove, by a preponderance of the evidence, that the Agency's explanation is pretextual. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 519 (1993).

Upon review of the record, and assuming arguendo that Complainant established a prima facie case of discrimination and reprisal, the Commission finds that the Agency articulated legitimate, nondiscriminatory reasons for its actions. More specifically, Complainant was among the best qualified candidates and interviewed for the position by telephone with a three-person interview panel. ROI, Ex. 12, at 4. All candidates were asked the same questions framed around the Knowledge, Skills, and Abilities required for the position. Id. at 2. The panel scored the interviews and referred the top three candidates to SO for further consideration. Id. at 4. Following her interview, the panel ranked Complainant 10th out of the 12 candidates with an average score of 71. ROI, Ex. 29. The top three candidates were scored 89, 91, and 99 and were referred to SO. Id. One panel member stated that the Selectee stood out as the best candidate based on her knowledge and ability to apply EEO laws and/or employee relations policies, programs, and procedures; her ability to advise and assist management; her demonstrated great communication skills both in writing and oral and her knowledge of disability laws; her experience in conducting training; and her interpersonal skills. ROI, Ex. 12, at 3. Another panel member concurred that the Selectee's experience, training skills, and interpersonal skills were exemplary and her ability to relay those skills to the panel was the best of all the candidates. ROI, Ex. 13, at 3. The third panelist confirmed that the Selectee had excellent EEO complaint processing experience based on her collateral duty EEO Counselor duties and detail assignment in CREO and she displayed her knowledge of EEO laws and procedures very well during the interview. ROI, Ex. 14, at 3-4.

By contrast, the third panelist stated that Complainant's interview was not very impressive and that her experience and knowledge of discrimination laws and procedures were minimal. ROI, Ex. 14, at 4.

SO stated that she selected the top-ranked candidate for the position as rated by the interview panel. ROI, Ex. 15, at 4. SO confirmed that she had first-hand knowledge of the Selectee's experience and qualifications based on her observations of her as a collateral duty EEO Counselor for several years and her detail in the CREO. Id. Further, SO affirmed that during these stints, the Selectee was a team player, displayed outstanding interpersonal and communication skills, and volunteered to assist with extra work. Id. By contrast, SO noted that Complainant would have needed the mandatory 32-hour EEO Counselor training and certification while the Selectee already had those credentials. Id. at 4-5. As a result, SO selected the Selectee.

Complainant now bears the burden of establishing that the Agency's stated reasons are merely a pretext for discrimination. Shapiro v. Soc. Sec. Admin., EEOC Request No. 05960403 (Dec. 9, 1996). Complainant can do this directly by showing that the Agency's proffered explanation is unworthy of credence. Tx. Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 256. One way Complainant can establish pretext is by showing that her qualifications are observably superior to those of the Selectee. Bauer v. Bailar, 647 F.2d 1037, 1048 (10th Cir. 1981). This is simply one method and is not the only way Complainant may establish pretext as to her non-selection claim.

As Complainant chose to withdraw her hearing request, the Commission does not have the benefit of an Administrative Judge's credibility determinations after a hearing. Therefore, the Commission can only evaluate the facts based on the weight of the evidence presented. The Commission finds no persuasive evidence that Complainant's protected classes were a factor in any of the Agency's actions. Complainant has not shown that her qualifications for the position were plainly superior to those of the selectee. In this case, the Selectee had attributes that justified her selection. In the absence of evidence of unlawful discrimination, the Commission will not second guess the Agency's assessment of the candidates' qualifications. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 259. At all times, the ultimate burden remains with Complainant to demonstrate by a preponderance of the evidence that the Agency's reasons were not the real reasons and that the Agency acted on the basis of discriminatory or retaliatory animus. Complainant failed to carry this burden. As a result, the Commission finds that Complainant has not established that she was subjected to discrimination or reprisal as alleged.

## CONCLUSION

After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to AFFIRM the Agency's final decision because the preponderance of the evidence of record does not establish that discrimination occurred.

5                                                           0120182754

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

> 1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or
>
> 2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

6                                    0120182754

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

December 19, 2019
Date

7                                        0120182754

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Marilyn M. Baker
201 Squire Cir.
Hoover, AL  35244

Claudia Postell, Associate Commissioner
Office of Civil Rights and Equal Opportunity
Social Security Administration
P.O. Box 17712
Baltimore, MD  21235-7712

December 19, 2019
Date

Compliance and Control Division

Reference #: 2019004140
Marilyn M. Baker
201 Squire Cir.
Hoover, AL 35244

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**
November 22, 2019

Marilyn M. Baker
201 Squire Cir.
Hoover, AL 35244

        Re:           <u>Baker v. Social Security Administration</u>
        EEOC Appeal No.   2019004140
        Agency Case No.    ATL160846

Dear Ms. Baker:

The appeal listed under the above-referenced docket number is being closed because this appeal is a duplicate of Appeal No. 2019003566, which is being processed by the Office of Federal Operations.

                                     FOR THE COMMISSION:

                                     Carlton M. Hadden, Director
                                     Office of Federal Operations

## CERTIFICATE OF MAILING

I certify that this letter was mailed to the following recipients on the date below:

Marilyn M. Baker
201 Squire Cir.
Hoover, AL 35244

Cynthia M. Johns
PO Box 11278
Birmingham, AL 35202

Claudia Postell, Associate Commissioner
Office of Civil Rights and Equal Opportunity
Social Security Administration
P.O. Box 17712
Baltimore, MD 21235-7712

November 22, 2019
Date

Compliance and Control Division

Reference #: 2019003566
Marilyn M. Baker
201 Squire Cir
Hoover, AL  35244



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Marilyn M. Baker, a/k/a
Elfrieda R.,[1]
Complainant,

v.

Andrew M. Saul,
Commissioner,
Social Security Administration,
Agency.

Appeal No. 2019003566

Hearing No. 420-2017-00262X

Agency No. ATL-16-0846-SSA

## DECISION

Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's April 16, 2019, final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. For the following reasons, the Commission AFFIRMS the Agency's final decision.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Debt Specialist within the Agency's Debt Management Section in Birmingham, Alabama.

On December 5, 2016, Complainant filed an EEO complaint in which she alleged that the Agency discriminated against her on the bases of race (African-American), sex (female), and in reprisal for prior protected EEO activity when:

    1.    On August 2 and 16, 2016, she was denied training;

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                2019003566

2.      On August 2, 2016, she did not receive a performance award; and

3.      On August 5, 2016, she was issued an unfavorable performance rating.

Regarding claim 1, in an investigative statement, Complainant stated that on July 20, 2016, she sent her immediate supervisor (S1) an email explaining that she was taking four courses that were related to her work with an attached form requesting approval for the training. Complainant stated that S1 never responded to her request, and on August 2, 2016, informed her that her request for training (reimbursement) was denied.

Regarding claim 2, Complainant stated that she did not receive a performance award on August 2, 2016, and her experience and job performance in comparison to employees who received an award evidenced disparate treatment. Complainant stated that the Agency awarded monetary awards to a Caucasian female and African-American male who had served as Debt Specialists for a shorter period than Complainant had served in the position.

Regarding claim 3, Complainant stated that management prolonged her trainee status to hinder her from being competitive in the promotion process. She stated that she met with S1 to discuss her Performance Assessment Communications System (PACS) on July 22, 2016; however, S1 did not provide me with the final copy until August 5, 2016. Complainant stated that S1's comments concerning her PACS were "erroneous and a misrepresentation" of her accuracy and overall performance.

After the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before an Equal Employment Opportunity Commission Administrative Judge (AJ). Complainant requested a hearing but subsequently withdrew her request. Consequently, the Agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b). The decision concluded that Complainant failed to prove that the Agency subjected her to discrimination as alleged.

## STANDARD OF REVIEW

As this is an appeal from a decision issued without a hearing, pursuant to 29 C.F.R. § 1614.110(b), the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a). See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at Chapter 9, § VI.A. (Aug. 5, 2015) (explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law").

## ANALYSIS AND FINDINGS

In order to prevail in a disparate treatment claim, Complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Complainant must initially establish a prima facie case by demonstrating that she was subjected to an adverse employment action under circumstances that would support an inference of discrimination. Furnco Construction Co. v. Waters, 438 U.S. 567, 576 (1978). Proof of a prima facie case will vary depending on the facts of the particular case. McDonnell Douglas, 411 U.S. at 802 n. 13. The burden then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its actions. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). To ultimately prevail, Complainant must prove, by a preponderance of the evidence, that the Agency's explanation is pretextual. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 519 (1993).

In this case, for purposes of analysis, we assume arguendo that established a prima facie case of discrimination. Nevertheless, we find that the Agency provided legitimate, nondiscriminatory reasons for its actions. Specifically, S1 stated that he could not approve Complainant's courses because they were not government-approved training and were "something she was taking on her private time in law school." S1 stated that Complainant was trying to get classes paid for by the government that she had already taken. S1 further stated that the entire staff would attend government-approved official training.

Regarding claim 2, S1 stated that Complainant did not receive a performance award because her productivity and accuracy rates were not as high as individuals who received the award. S1 stated that four or five employees received the award out of 19 or 20 employees, and the recipients were top producers with high accuracy who made a tremendous difference in the Unit.

Regarding claim 3, S1 stated that he believed that Complainant received a 3.0 rating, which was a good rating indicating that Complainant did everything she was supposed to do. S1 further stated that Complainant's rating indicates that she was coming to work and doing her job, but she was not going above and beyond with extra work assignments to help the Unit receive a higher rating.

After a thorough review of the record, we find that Complainant did not prove that the Agency's legitimate, nondiscriminatory reasons were pretext for unlawful discrimination. In so finding, we note that during the investigation, Complainant was provided with the opportunity to rebut the management's statements, but she failed to do so.

## CONCLUSION

Thus, we AFFIRM the Agency's final decision finding no discrimination.

4                                                2019003566

## STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.      The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.      The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

5                                    2019003566

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

February 4, 2020
Date

6                                               2019003566

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Marilyn M. Baker
201 Squire Cir
Hoover, AL  35244

Cynthia M. Johns
PO Box 11278
Birmingham, AL  35202

Claudia Postell, Associate Commissioner
Office of Civil Rights and Equal Opportunity
Social Security Administration
P.O. Box 17712
Baltimore, MD  21235-7712

February 4, 2020
Date

Compliance and Control Division

Reference #: 0120172724
Marilyn Baker
201 Squire Circle
Birmingham, AL  35244



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Marilyn Baker, a/k/a
Lorita S.,[1]
Complainant,

v.

Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration,
Agency.

Appeal No. 0120172724

Agency No. ATL-16-0635

## DECISION

The Equal Employment Opportunity Commission (EEOC or Commission) accepts Complainant's appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's June 19, 2017 final decision concerning an equal employment opportunity (EEO) complaint claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

## BACKGROUND

During the period at issue, Complainant worked as a Debt Specialist, GS-9, at the Agency's Southeast Program Service Center (SEPSC) in Birmingham, Alabama.

On July 29, 2016, Complainant filed the instant formal complaint. Complainant claimed that the Agency discriminated against her on based on race (African-American), sex (female), color (brown), and in reprisal for prior EEO activity when:

on April 21, 2016, she was not selected for the GS-11 Social Insurance Claims Specialist position, advertised under Vacancy Announcement Number (VAN) SB-1629439-16-SBG.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

After the investigation of the claim, Complainant was provided with a copy of the report of the investigation and with a notice of the right to request a hearing before an EEOC Administrative Judge or a final decision within thirty days of receipt of the correspondence. Complainant did not respond.

On June 19, 2017, the Agency issued the instant final decision, finding no discrimination.

The instant appeal followed. Complainant did not submit a brief on appeal.

## ANAYLSIS AND FINDINGS

A claim of disparate treatment is examined under the three-part analysis first enunciated in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). For complainant to prevail, she must first establish a prima facie of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. See McDonnell Douglas, 411 U.S. at 802; Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once the agency has met its burden, the complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the agency acted on the basis of a prohibited reason. See St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a prima facie case, need not be followed in all cases. Where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the McDonnell Douglas analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. See U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 713-714 (1983); Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990); Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990); Washington v. Department of the Navy, EEOC Petition No. 03900056 (May 31, 1990).

Agency management articulated legitimate, nondiscriminatory reasons for its actions, as more fully discussed below.

Complainant has worked for the Agency since March 2009. In March 2015, Complainant was selected for her current Debt Specialist position. Subsequently, Complainant was out of the office for training approximately three months and returned to the office in June 2015. Complainant anticipated that she would come off review sometime between September 2015 and November 2015. In August 2015, the Deputy Chief Debt Management Branch, also Complainant's supervisor, conducted a New Hire Trainee-Performance Assessment and

Communications System (NHT-PACS) performance discussion with Complainant.  At that time, Complainant told the supervisor that she should be off review.

On October 28, 2015, the supervisor conducted Complainant's 2016 NHT-PACS initial discussion.  On December 9, 2015, a named Agency official recommended, discontinuing Complainant's formal review period due to her ongoing progress, and her review period ended that same day.

On March 17, 2016, the supervisor issued Complainant's NHT-PACS performance appraisal and rated her "Successful."  On the same day, the supervisor conducted Complainant's initial discussion under the regular PACS performance plan.

From February 18, 2016 to March 9, 2016, the Agency posted a vacancy announcement for the Claims Specialist GS-11 position.  Applicants for the subject position were required to submit a SSA-45, which is the Experience and Qualifications Statement for the position vacancy, and an online self-assessment or occupational questionnaire.  The evaluation each applicant received was based on the candidate's responses to the online questionnaire and was "a measure of the degree to which the applicant's background matche[d] the knowledge, skills and abilities of [the Claims Specialist] position."  Once an applicant successfully submitted the questionnaire, he or she would receive the following email notifications: (1) receipt of application; and (2) result of qualifications review and notice of whether the applicant was referred or not referred to the selecting official.

The Human Resources (HR) Specialist first reviewed the applicants' online questionnaire to identify those who met the cut-off score to make the Best Qualified List (BQL).  The cut-off score for the subject positions was 95 points.  For applicants who met the cut-off score, the HR Specialist reviewed their SSA-45s to determine whether they met basic qualifications to be considered for the subject position.  The HR Specialist then prepared and issued the Certificate of Eligibles to the selecting official.

There were 13 vacancies for the subject position.  While 246 applicants applied for the subject positions, 36 applicants made the BQL.  Complainant was not one of the 36 applicants that made the BQL based on her overall score of 81 points.

The record reflects that 15 applicants were selected for the subject Claims Specialist positions.  All selectees obtained scores of 95 points or higher on the online self-assessment questionnaire.

The HR Specialist (Caucasian, white female, unknown prior protected activity) stated that Complainant did not score high enough on her answers to the online questionnaire to make the Best Qualified List.  The HR Specialist stated, "had the Complainant scored herself a 95 or better, she might have made the Best Qualified List."  Furthermore, the HR Specialist stated that she did not discriminate against Complainant based on her race, sex, color and prior protected activity.

4                                    0120172724

The Operations Manager (African-American, brown female, unknow prior protected activity) was the selecting official for the subject positions. The selecting official stated that she had nothing to do with the compiling the Best Qualified List and "that is done by the Center for Human Resources." The selecting official stated that she received the Best Qualified List from Human Resources for consideration. The selecting official stated because Complainant's name was not on the list "there was no way I could consider her for the position. I cannot consider her for a position if her name is not there."

Moreover, the selecting official stated that Complainant's race, sex, color and prior protected activity were not factors in her selection of the selectees for the subject positions.

The Deputy Chief Debt Management Branch (African-American male, Black, unknown prior protected activity) stated that during the relevant period he was Complainant's supervisor. The supervisor stated that he had no role concerning the selection of GS-11 Social Insurance Claims Specialist positions.

Complainant asserted that the supervisor delayed issuing her performance appraisal and that this delay caused her to lose points, thereby resulting in her not making the BQL. The supervisor stated, however, that Complainant "was given her appraisal based on her performance. I am not in a position to take her off the NHT-New Hire Trainee – plan without consulting with my management team. Based on her NHT performance, she was taken off the plan and put on full a performance plan at the appropriate time when she performed successfully on pure business reasons with anybody else. I had no way of knowing when she filed for a job and was on an NHT."

Neither during the investigation, nor on appeal, has Complainant proven, by a preponderance of the evidence, that these proffered reasons were a pretext for unlawful discrimination.

Therefore, after a review of the record in its entirety, including consideration of all statements on appeal, we AFFIRM the Agency's final decision because the preponderance of the evidence of record does not establish that discrimination occurred.

<u>STATEMENT OF RIGHTS - ON APPEAL</u>
<u>RECONSIDERATION (M0617)</u>

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter

6                                    0120172724

the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

**SEP 2 1 2018**
Date

7                                    0120172724

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Marilyn Baker
201 Squire Circle
Birmingham, AL  35244

Cynthia Johns
PO Box 11278
Birmingham, AL  35202

Claudia Postell, Associate Commissioner
Office of Civil Rights and Equal Opportunity
Social Security Administration
P.O. Box 17712
Baltimore, MD  21235-7712

**SEP 2 1 2018**
Date

Compliance and Control Division

Reference #: 2019000213
Marilyn Baker
201 Squire Circle
Birmingham, AL  35244



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Marilyn Baker, a/k/a
Lorita S.,[1]
Complainant,

v.

Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration,
Agency.

Request No. 2019000213

Appeal No. 0120172724

Agency No. ATL160635

DECISION ON REQUEST FOR RECONSIDERATION

Complainant requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 0120172724 (September 21, 2018). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

In her underlying complaint, Complainant alleged the Agency discriminated against her based on race (African-American), sex (female), color (brown), and in reprisal for prior EEO activity when on April 21, 2016, she was not selected for the position of Social Insurance Claims Specialist, GS-11, advertised under Vacancy Announcement Number (VAN) SB-1629439-16-SBG.

Following an investigation, the Agency provided Complainant with a copy of the investigation and notice of her right to request a hearing. When Complainant failed to request a hearing, the Agency issued a decision finding no discrimination.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Thereafter, Complainant appealed to this Commission. In the September 21, 2018, appellate decision, the Commission affirmed the final agency decision finding the preponderance of the record did not establish that discrimination occurred.

In her request for reconsideration, Complainant largely reiterates contentions made and fully considered on appeal. Complainant also argues that her appellate brief was not considered by this Commission. After a review of the entire record and Complainant's appellate brief, this Commission finds no grounds to disturb the appellate decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. §1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120172724 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.**

3                                                    2019000213

The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

February 7, 2019
Date

4                                           2019000213

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Marilyn Baker
201 Squire Circle
Birmingham, AL  35244

Cynthia Johns
PO Box 11278
Birmingham, AL  35202

Claudia Postell, Associate Commissioner
Office of Civil Rights and Equal Opportunity
Social Security Administration
P.O. Box 17712
Baltimore, MD  21235-7712

February 7, 2019
Date

Compliance and Control Division



# SOCIAL SECURITY

March 26, 2021

**Email:** bakermarilynm@yahoo.com

Re:          Notice of Right to File a Formal Equal Employment
             Opportunity (EEO) Complaint of Discrimination
Case No.:    ATL-21-0265

Dear Marilyn M Baker:

This is to inform you that because the dispute you brought to my attention has not
been resolved to your satisfaction, you now have the right to file a formal EEO
complaint of discrimination if you choose to do so.

Enclosed is **Form SSA-678**, **_Notice of the Right to File a Formal Equal
Employment Opportunity (EEO) Complaint of Discrimination (NORTF),_** which
contains critical information regarding the further processing of your complaint.

However, due to COVID-19, the process for filing formal complaints has changed to
address COVID-19 teleworking.

If you are interested in filing a formal EEO complaint, please be advised that the
Office of Civil Rights and Equal Opportunity (OCREO) at SSA Headquarters, which
will process your formal EEO complaint, is not able to accept mail via USPS or other
delivery services at this time.

Therefore, you can file your formal complaint **electronically** while OCREO is
teleworking due to COVID-19.

Enclosed is a fillable Form SSA-679, Formal EEO Complaint of Discrimination, and
the SSA-679 Instructions. The fillable form SSA-679 requires a signature, which
you can add electronically.

You can either enter your signature in the signature block using the "Sign" tool in
PDF or sign at the bottom of the "Continuation Page" at the conclusion of the
complaint narrative you draft as follows: "John Doe /s/."

When completing the fillable Form SSA-679 and related instructions, please include the claims you wish OCREO to consider, identifying:

1. Issue (employment action(s))
2. Basis (race, age, sex, etc.)
3. Date(s)

Please submit the formal complaint to the following email address: ^DCHR OCREO Formal EEO Complaints. If password protecting the formal complaint that you send via email to OCREO to begin the formal complaint process, please be sure to send the password in a separate email so that OCREO staff can open your documents upon receipt.

Please note that if you decide to file a formal complaint, you must do so within **15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE.**

You must notify OCREO immediately if you retain an attorney or any other person to represent you.

Where the collective bargaining agreement with your union covers equal employment discrimination matters, you have the right to elect between the **negotiated grievance procedure** and the EEO complaint process. You may file a grievance or a formal EEO complaint, **but not both.** Information on filing a grievance on EEO matters can be found in Articles 18 and 24 of the SSA/AFGE National Agreement.

Also, please read the **NORTF** for additional information concerning your rights.

                              Sincerely,

                              Christina Y. Saewert /s/
                              EEO Counselor

Enclosures:
Form SSA-675
Form SSA-677
Form SSA-678
Form SSA-679
Form SSA-679 INSTRUCTIONS
Supporting Documents
Anonymity Form

cc:
Marilyn Thompson, Manager

# SOCIAL SECURITY

February 15, 2019

## *VIA UNITED PARCEL SERVICE–1Z75R91EA896806957*

Cynthia Johns
537 Aspen Run
Birmingham, AL 35209

Re: Marilyn Baker/ATL- 17-0756-SSA
Filed: September 6, 2017

Dear Ms. Johns:

Enclosed is the Social Security Administration's final decision, with appeal rights, regarding your aboce-referenced discrimination complaint. Also enclosed is a copy of Equal Employment Opportunity Commission (EEOC) Appeal Form 573, Notice of Appeal/Petition. You should use EEOC Appeal Form 573 if you choose to appeal this decision to the EEOC.

Sincerely,

*LaToya Howell*

(*for*)  Claudia J. Postell
        EEO Director
        Office of Civil Rights and Equal Opportunity

Enclosures:
Final Agency Decision
EEOC Appeal Form 573

cc:
Marilyn Baker, Complainant UPS# 1Z75R91EA898458366
Marilyn Thompson, CREO Manager